IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PERCY JONES, TDCJ-CID NO. 411851,<br>Petitioner, | )<br>)<br>) |
| v. | )   No. 3:11-CV-461-M (BF) |
| | ) |
| RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br>Respondent. | )<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## I. Background

On March 13, 1985, Petitioner was indicted for the offense of murder. The offense was alleged to have occurred on January 22, 1983. *The State of Texas v. Percy Edward Jones*, No. F-85-96411-LK (Crim. Dist. Ct. No. 4, Dallas, Tex., Sept. 27, 1985). A jury found Petitioner guilty of murder, a first-degree felony, and made the further finding that Petitioner had used or exhibited a deadly weapon during the commission of the offense. On September 27, 1985, the Court assessed punishment at confinement for life. *Ex parte Jones*, No. 19,862-03 at 3.

Petitioner exhausted his state court remedies before he filed this action. On August 6, 2010, Petitioner filed a state petition for writ of habeas corpus. *Id.* at 7-8. On February 9, 2011, the Court of Criminal Appeals denied the petition without written order. *Id.* ("Action Taken" sheet).

On February 16, 2011, Petitioner filed his federal petition. Petitioner does not challenge his conviction. Instead, he argues TDCJ has violated his constitutional rights by failing to release him to mandatory supervision when his calendar-time and good-time equaled 60 years. On September 8, 2011, Respondent filed its answer arguing the petition is barred by the one-year statute of limitations. Petitioner filed a response on October 14, 2011. The Court now determines that the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, provided the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that subparagraph is not applicable because it pertains to direct review of "the judgment," an issue which has not been raised here. The Court will therefore calculate the one-year statute of limitations under subparagraph

(D), from the date the facts supporting the claims raised in this petition became known or could have become known through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Petitioner's claims relate to TDCJ's failure to release him to mandatory supervision. Accordingly, Petitioner should have discovered his claims either: (1) when the Texas Court of Criminal Appeals issued its 2001 opinion in *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001), holding that inmates serving a life sentence are not eligible for release to mandatory supervision;[1] or (2) when the Fifth Circuit Court of Appeals issued its opinion in *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). In *Arnold*, the Fifth Circuit confirmed that Texas inmates who are serving a life sentence are not eligible for mandatory supervision. *Id.* At the latest, Petitioner should have discovered his claim five years before he filed his August 6, 2010 state habeas petition, namely, August 6, 2005, the date which Petitioner averred that TDCJ's "processing division" should have, but failed to, release him to mandatory supervision.[2] *See Ex parte Jones*, No. 19,862-03 at 8. Therefore, as of August 6, 2005, Petitioner knew, or could have discovered through due diligence, that he was not being released to mandatory supervision. Accordingly, giving Petitioner the benefit of the most generous predicate date, the August 5, 2005 date which Petitioner claimed as the date that TDCJ's "processing division" failed to release him to mandatory supervision, the statute of limitations expired on August 6, 2006, unless Petitioner had properly filed an application for State post-conviction or other collateral review to toll the running of the limitation period. 28 U.S.C. § 2244(d)(2). Under 28 U.S.C. § 2244(d)(2), the limitation period is tolled during the pendency of

---

[1] The Texas Court of Criminal Appeals also noted that TDCJ "has never released life-sentenced inmates to mandatory supervision." *Franks*, 71 S.W.3d at 328 n1.

[2] Petitioner contends that on that date he had satisfied "his 'mandatory minimum' of 20 flat years." *Ex parte Jones* at 8.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

state habeas proceedings. Petitioner did not file his state habeas petition challenging the failure to release him to mandatory supervision until August 6, 2010. Because the limitation period had already expired on August 6, 2006, his state application for post-conviction relief did not toll the statute of limitations. Petitioner did not file his federal petition until February 16, 2011, well after the one-year limitations period had expired on August 6, 2006.

### B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. Rather, he claims that he is not procedurally barred because (1) the AEDPA does not apply to him; (2) there was no order to designate his total time directed to the "classification department;" and (3) the state waived their rights to address (a) the Constitutionality of his confinement, and (b) the issue of "no error in time calculation." The arguments are without merit. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. §2244(d).

Signed November 28, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of the Findings, Conclusions, and Recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify the part of the findings, conclusions, and recommendation to which an objection is being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections within fourteen days after being served with a copy of the Findings, Conclusions, and Recommendation shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).